UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRENDAN DANIEL**                                        **CIVIL ACTION**

**VERSUS**                                                **NO. 15-312**

**OFFICER DANIEL SEUZENEAU,**                             **SECTION "B"(5)**
**ET AL.**

ORDER AND REASONS

Considering the "Motion for Reconsideration" (Rec. Doc. No. 38), and defendants oppositions thereto, (Rec. Doc. No. 40, Laurie Hutchings, R.N.), (Rec. Doc. No. 41, Slidell defendants),[1] (Rec. Doc. No. 43, Vinson Guard Services),[2]

**IT IS ORDERED** that the Motion for Reconsideration is **DENIED**. In granting various motions to dismiss as unopposed, this Court advised:

> Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that memoranda in opposition with citations of authorities be filed and served no later than eight days before the noticed submission date. A *pro se* plaintiff is required to comply with all federal and local rules of procedure and meet all deadlines, under penalty of sanctions, including dismissal of claims.
>
> A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty (30) days of this order. The motion must be accompanied by opposition memoranda to the original motion.[3]

---

[1] The City of Slidell, The Slidell Police Department, Slidell Police Chief Randy Smith (in his individual and official capacities), and Slidell Police Officers Daniel Seuzeneau, Clint McCall, Justin Stokes, Chad Oliver, Sean Gowan, and Sarah Gilberti (named individually and in his or her official capacity as a Slidell Police Officer).

[2] Vinson Guard Service on behalf of its employees, Defendants Dennis DeJean and Jerry Kirtfield.

[3] Rec. Docs. No. 31, 32, 33, 34, 35.

1

Plaintiff filed the instant Motion for Reconsideration on May 22, 2015. The Motion presents a timely challenge to five dismissal orders, dated April 23, 2015. Rec. Docs. No. 31, 32, 33, 34, 35. On April 6, 2015, the Court previously granted as unopposed, a Motion to Dismiss for Failure to State a Claim by Slidell Memorial Hospital. Rec. Doc. No. 22. Plaintiff neither challenged nor sought reconsideration of that order.

Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within 28 days of the challenged ruling or judgment and under Rule 60 if filed beyond that time. *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000)(discussing Rule 59(e) pre-2009 Amendment). The instant motion cannot be construed as a motion to alter or amend under Rule 59(e) because it was filed beyond the 28 day period for such a motion. *See* Fed. R. Civ. P. 59(e), and no motion to extend this time was filed.

Federal Rule of Civil Procedure 60(b) provides 'Grounds for Relief' from a court order for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;
(2)  newly discovered evidence that, with reasonable diligence,  could not have been discovered in time to move for a new trial under Rule 59(b);

2

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b) acts to balance "the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A. Jan. 1981)(*quoting Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

Because Plaintiff is *pro se*, the Court liberally construes his arguments. *Associate Marine Equipment, LLC v. Jones*, 301 Fed. App'x 346, 347 (5th Cir. 2008). Plaintiff's Motion for Reconsideration simply reasserts allegations contained in his original complaint and untimely opposition, in addition to improperly asserting new allegations and claims. Plaintiff's arguments, or lack thereof, do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule 60 relief. Plaintiff does not claim mistake or excusable neglect for

failing to timely file an opposition to the various motions to dismiss. Rather, the April 6, 2015 order placed Plaintiff on notice as to Local Rule 7.5. The earlier order also noted that Plaintiff could avoid dismissal by either filing a motion to continue submission date or a motion for extension of time to respond.

Plaintiff has attached to his Motion, a sworn witness statement, and the police Incident Report; however, to the extent Plaintiff needed additional time to gather evidence to prepare opposition responses, Plaintiff did not request an extension of time to do so. Plaintiff does not allege fraud on the part of opposing counsel with respect to this litigation and final judgment has not yet been entered in this matter, thus reasons (4) and (5) are inapplicable. Plaintiff provides no argument for reconsideration under the catch-all provision. Finding that Plaintiff has not provided the Court any basis for reconsidering its ruling, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Rec. Doc. No. 38) is **DENIED**.[4]

New Orleans, Louisiana, this 8th day of June, 2015.

UNITED STATES DISTRICT JUDGE

---

[4] Pro se parties are required to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.,* 767 F.3d 475, 484 (5th Cir.2014), *as revised* (Sept. 18, 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.,* 541 F. App'x 419, 421 (5th Cir.2013) (internal quotation marks omitted)).

4